NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS EDUARDO RUIZ GODOR, AKA Carlos Eduardo Ruiz Godoy, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-2080 <br><br> Agency No. A205-411-468 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2024**
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Carlos Eduardo Ruiz Godor petitions for review of a decision of the Board

of Immigration Appeals ("BIA") affirming a decision by an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the BIA affirmed without opinion, we review the IJ's decision directly. *See* 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for abuse of discretion the IJ's determination that Godor was convicted of a particularly serious crime and are "limited to ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (alteration in original) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)). We review the agency's denial of CAT relief for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

1. The IJ did not abuse his discretion in finding that Godor was ineligible for asylum and withholding of removal because he committed a particularly serious crime. *See Bare v. Barr*, 975 F.3d 952, 966 (9th Cir. 2020). The IJ appropriately considered "the nature of the conviction" based on the elements of California Penal Code § 243.9(a), "the underlying facts and circumstances" of the offense, including Godor's account of the incident, "and the [two-year] sentence imposed." *Avendano-Hernandez*, 800 F.3d at 1077 (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc)); *Bare*, 975 F.3d at 961–62. "We may not

2

reweigh the evidence and reach our own determination about the crime's seriousness." *Avendano-Hernandez*, 800 F.3d at 1077.

2. Substantial evidence supports the IJ's finding that Godor was ineligible for CAT protection. Godor did not establish that the Salvadoran police's alleged mistreatment of him or the indirect threats he received from gang members rose to the level of past torture. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."). Godor's fear that police may arrest him again does not alone compel the conclusion that he faces a likelihood of torture if removed to El Salvador. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018). Nor does police officers' past mistreatment of Godor compel the conclusion that the Salvadoran government would consent or acquiesce to his torture by gangs.

**DENIED.**[1]

---

[1] Godor's motion for a stay of removal (Dkt. No. 2) is denied as moot.